**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LEVI HICKS,<br><br>Plaintiff,<br><br>v.<br><br>FISHER SCIENTIFIC COMPANY LLC, MERCK & CO., INC., AND SIGMA-ALDRICH, INC.,<br><br>Defendants. | Case No. 26 cv 01923<br><br>Honorable Sunil R. Harjani |

## MEMORANDUM OPINION AND ORDER

Plaintiff Levi Hicks alleges he was exposed to Defendants' Fisher Scientific Co. LLC, Merck & Co., Inc., and Sigma-Aldrich, Inc.'s products containing benzene, which later caused him to develop cancer. Plaintiff brings Illinois state law claims against all Defendants for negligence, strict liability, battery, and fraud.

Defendants move to dismiss all counts for failure to state a claim. For Hicks' negligence and gross negligence claims in Count I, Defendants argue that he has failed to plead causation. Defendants also assert that Hicks' strict liability claim in Count II is barred by Illinois's statute of repose (735 ILL. COMP. STAT. 5/13-213), and any equitable tolling of the statute has not been adequately pled. Concerning Hicks' battery and fraud claims in Count III, Defendants allege that Hicks has failed to meet the heightened pleading standards for fraud under Federal Rule of Civil Procedure 9(b) and otherwise does not adequately allege the requisite elements for battery. Defendant Merck separately argues that the Court should strike Count I's gross negligence claim, and both Merck and Sigma-Aldrich move in the alternative for a more definite statement. For the reasons stated below, the Court grants Defendants' motions to dismiss in part and denies them in part, and denies the motion to strike and motions for a more definite statement.

### Background

Levi Hicks worked at Harold Washington College in Chicago as a lab technician from 1989 to 1998. [48] ¶ 37.[1] During his employment, he was exposed to

[1] When evaluating a motion to dismiss, the Court accepts as true all factual allegations in the Complaint. *Heredia v. Cap. Mgmt. Servs., L.P.*, 942 F.3d 811, 814 (7th Cir. 2019).

benzene and "benzene containing solvents" including "Mineral Spirits, Naphthalene, Toluene, Xylene, Cyclohexane, Hexane, Ethylbenzene, Heptane, Acetone, Stoddard solvent, and aromatic solvents" through the air and his skin. *Id.* ¶¶ 39–40, 44. Defendants were manufacturers, designers, and suppliers of these solvents during Hicks' employment at Harold Washington's lab. *Id.* ¶¶ 41–42. On December 11, 2023, Hicks was diagnosed with Myelodysplastic Syndrome (MDS), a form of cancer, that he alleges was caused by his exposure to Defendants' benzene products. *Id.* ¶ 45.

## Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Sabo v. Erickson*, 128 F.4th 836, 842 (7th Cir. 2025) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts plaintiff's factual allegations as true and reads them in the light most favorable to the plaintiff. *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020). A plaintiff does not need to recite every detail related to his allegations. *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). A plaintiff also does not need to anticipate affirmative defenses. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). However, even accepting all well-pleaded facts as true, a plaintiff must allege enough facts to "raise a right to relief above the speculative level." *Sabo*, 128 F.4th at 842 (quoting *Twombly*, 550 U.S. at 555). Threadbare recitals of the elements of a cause of action, supported by conclusory statements, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## Discussion

Hicks brings three claims under Illinois law against Defendants: Count I – Negligence and Gross Negligence, Count II – Strict Liability, and Count III – Battery and Fraud. [48]. Defendants move to dismiss all claims under Rule 12(b)(6) for failure to state a claim. Merck also individually moves to strike Hicks' allegations of gross negligence, and both Sigma-Aldrich and Merck move in the alternative for a more definite statement under Rule 12(e).

### I. Negligence and Gross Negligence

In Count I, Hicks brings a single claim for both negligence and gross negligence. According to Hicks, Defendants had a duty to exercise reasonable care "in the creation, manufacturing, designing, formulating, refining, producing, processing, packaging, marketing, selling, warning, distributing and otherwise placing their respective benzene and benzene-containing solvents into the stream of commerce[.]" [48] ¶ 58. Defendants failed to warn Hicks of the risks of their benzene-related products, thus breaching their duty and deviating from the ordinary standard of care. *Id.* ¶ 59. Defendants counter that Hicks has not sufficiently stated a general negligence or gross negligence claim because Hicks fails to identify the specific

products Defendants sold. According to Defendants, without this information, Hicks cannot show that Defendants were the proximate cause of Hicks' injury.

Defendants are incorrect. In asserting that Hicks must identify specific products at the motion to dismiss stage, Defendants improperly rely on cases applying Illinois' fact-pleading standard. *See, e.g.*, *Lewis v. Lead Indus. Ass'n*, 793 N.E.2d 869, 875 (Ill. App. Ct. 2003) (dismissal was warranted where plaintiffs failed to identify which of the defendants manufactured or supplied the lead pigment in the paint at issue); *Kozak v. Armstrong World Indus. Inc.*, 572 N.E.2d 279, 282 (Ill. App. Ct. 1991) (complaint deficient where it did not provide a complete description of the products that caused the alleged injury). This case, however, is in federal court, which applies the federal notice-pleading standard, even in diversity cases. *See, e.g.*, *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) ("It is well settled that a federal court sitting in diversity applies federal pleading requirements[.]").[2] The federal notice-pleading standard is "deliberately undemanding" and requires only a short and plain statement to place a defendant on notice of a plausible claim and the grounds upon which the claim rests. *See Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025) (cleaned up); *see also* Fed. R. Civ. P. 8(a)(2).

To state a negligence claim under Illinois law, a plaintiff "must allege facts that establish the existence of a duty of care owed by defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Johnson v. Edward Orton, Jr. Ceramic Found.*, 71 F.4th 601, 609 (7th Cir. 2023) (quoting *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006)). According to Hicks, he was exposed to benzene products while he worked at Harold Washington College from 1989 to 1998. [48] ¶¶ 37, 39–40. Although he does not identify the products, Hicks claims he used their solvents, that Defendants supplied them, and that they contained benzene. *Id.* ¶¶ 40–41. He further alleges that Defendants had a duty to exercise reasonable care, including in manufacturing, producing, distributing and otherwise "placing their respective benzene and benzene-containing solvents into the stream of commerce[.]" *Id.* ¶ 58. Hicks claims that Defendants breached their duty in multiple ways, including by failing to warn that the products contained benzene and of the health risks and dangers of using the products. *Id.* ¶ 59. Finally, he alleges that as a direct and proximate cause of Defendants' conduct, Hicks developed cancer, lost wages, and suffered other injuries. *Id.* ¶¶ 60–63.

When read as a whole, taking the allegations as true and viewing inferences in his favor, Hicks' allegations give rise to an inference that Defendants' actions proximately caused his injuries. Hicks sufficiently alleges that the solvents

---

[2] The Seventh Circuit cases that Defendants cite to support specific product identification were decisions on motions for summary judgment, not motions to dismiss, and thus are inapplicable here. *See Tragarz v. Keene Corp.*, 980 F.2d 411, 418 (7th Cir. 1992); *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992).

purportedly caused the injury, the existence of a duty, and how the duty was breached. On a notice-pleading standard, Hicks need not provide more detail as he has plausibly alleged a claim that sufficiently places Defendants on notice. Defendants' motion to dismiss Count I as to ordinary negligence is denied.

Turning to gross negligence, this claim differs from ordinary negligence "only in degree, and not in kind." *Certain Underwriters at Lloyds v. CSX Transp., Inc.*, 2021 WL 3287745, at *4 (S.D. Ill. Aug. 2, 2021) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 34, at 212 (5th ed. 1984)). Illinois courts disagree on the exact parameters of gross negligence—some define it as "recklessness" while others understand it as "very great negligence" but something "less than willful, wanton and reckless conduct[.]" *Fed. Deposit Ins. Corp. v. Gravee*, 966 F. Supp. 622, 636 (N.D. Ill. 1997) (analyzing the differing cases and standards).

The Court need not delve into this distinction because, under federal pleading standards, Hicks has done enough to plead gross negligence, even at the higher level of recklessness. Reckless conduct is "a course of action which . . . shows an utter indifference to or a conscious disregard for a person's own safety and the safety of others." *Resolution Trust Corp. v. Franz*, 909 F. Supp. 1128, 1141 (N.D. Ill. 1995) (quoting *Ziarko v. Soo Line R.R.*, 641 N.E.2d 402, 408 (Ill. 1994)). Hicks asserts that Defendants knew or should have known of the harm caused by their products and knew that others would come into direct and indirect contact with them. [48] ¶¶ 53–54, 56. Hicks further claims that Defendants had a duty to warn users about this harm, and that Defendants continued to knowingly manufacture and sell benzene products, despite the known harms. *Id.* ¶¶ 58–59. This is enough to show gross negligence because it demonstrates that Defendants purportedly exhibited utter disregard for the safety of people who used solvents containing benzene. Thus, Defendants' motion to dismiss the gross negligence allegations is also denied, and for the same reasons, the Court also denies Merck's motion to strike Hicks' gross negligence claims.

## II. Strict Liability

In Count II, Hicks asserts that Defendants' benzene and benzene-containing solvents were defective and caused his cancer. [48] ¶ 69. Under Illinois law, a strict liability design defect claim requires that "(1) a condition of the product as a result of manufacturing or design, (2) that made the product unreasonably dangerous, (3) and that existed at the time the product left the defendant's control, and (4) an injury to the plaintiff, (5) that was proximately caused by the condition." *Clark v. River Metals Recycling, LLC*, 929 F.3d 434, 439 (7th Cir. 2019) (quoting *Mikolajczyk v. Ford Motor Co.*, 901 N.E.2d 329, 345 (Ill. 2008)).

In their motions to dismiss, Defendants focus on Illinois' statute of repose, 735 ILL. COMP. STAT. 5/13-213(b), which prohibits strict liability product claims brought 12 years after the first sale by a seller or 10 years from the first delivery or possession

to the initial user, whichever comes first. Defendants argue that Hicks' statute of repose has expired, and his claim must be dismissed.

A statute of repose extinguishes a litigant's right to bring a cause of action, "even if the potential plaintiff does not yet know of his injury." *Boggs v. Adams*, 45 F.3d 1056, 1060 (7th Cir. 1995) (citing *Mega v. Holy Cross Hosp.*, 490 N.E.2d 665, 668 (Ill. 1986)). A statute of repose is also an affirmative defense. *Laseter v. ClimateGuard Design & Installation, LLC*, 931 F. Supp. 2d 862, 866 (N.D. Ill. 2013). While a plaintiff does not need to anticipate affirmative defenses, courts can dismiss a claim if the complaint's text "set[s] forth everything necessary to satisfy the affirmative defense[.]" *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). "[I]f the facts pleaded in the complaint establish that a claim is time barred . . . a bare allegation of fraudulent concealment, without more, will not save the claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).

Based on Hicks' Complaint, he was exposed to benzene and benzene-containing solvents from 1989 to 1998. [48] ¶¶ 39–40. He does not allege when in that timeline he first interacted with the products, though he asserts that he used them throughout that period. *Id.* He also does not claim any other interaction with Defendants' benzene products after 1998. Looking at the facts in the light most favorable to Hicks, even if he first used the products in 1998, the statutory period would have extended to 2010 at the latest. The statute of repose therefore has long expired, and Hicks' strict liability claim is untimely.

Hicks does not dispute the applicability of Illinois' statute of repose to his strict liability claim. Instead, he asserts that the statute was tolled under the fraudulent concealment exception in 735 ILL. COMP. STAT. 5/13-215. Where a claim is time-barred, a plaintiff's claim can survive if he can show that an exception applies that would toll the statute. *See Logan*, 644 F.3d at 582. At least one Defendant disputes whether Illinois' fraudulent concealment exception applies to strict product liability claims, but recent district courts, including one in the Seventh Circuit, have found the opposite. *See In re Paraquat Prods. Liab. Litig.*, 2022 WL 451898, at *3 (S.D. Ill. Feb. 14, 2022) (finding that fraudulent concealment exception applied to Illinois statute of repose); *In re Fluoroquinolone Prods. Liab. Litig.*, 2017 WL 690188, at *2 (D. Minn. Feb. 21, 2017) (same). The Court need not resolve this dispute because, even if fraudulent concealment was available to toll the statute, Hicks has not adequately pled the exception.

To establish fraudulent concealment of a cause of action, a plaintiff must "show affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim." *In re Paraquat*, 2022 WL 451898, at *3. Defendants must have known the representations were false, made them with the intent to deceive, and that the plaintiff detrimentally relied on them. *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964, 978 (N.D. Ill. 2014). "[U]nless the defendant has fiduciary duties or obligations of confidence to the plaintiff, mere silence of the

defendant and the failure of the plaintiff to discover his cause of action do not amount to fraudulent concealment." *Id.* (citing *Foster v. Plaut*, 625 N.E.2d 198, 203 (Ill. App. Ct. 1993)).

Hicks' allegations do not show that Defendants fraudulently concealed his strict liability cause of action. As evidence of Defendants' fraudulent concealment, Hicks points to assertions about Defendants' failure to warn of the harmful effects of benzene as well as Defendants' "misrepresentations of material facts." [48] ¶ 94(r). But a failure to warn is a form of omission, and silence alone cannot rise to the level of fraudulent concealment without evidence of a fiduciary relationship. *See Putzier*, 50 F. Supp. 3d at 978. Hicks asserts no such fiduciary relationship in his Complaint—he only states that there is a "special relationship" between Hicks and Defendants, [48] ¶ 94(x), but this assertion, without something more, is vague and does not plausibly plead the existence of a fiduciary relationship. Based on the above, Hicks has not adequately pled that Defendants fraudulently concealed the cause of action. Hicks' strict liability claim is untimely and is dismissed.

## III. Battery and Fraud

In Count III, Hicks brings a single claim for both battery and fraud. These are separate causes of action under Illinois law, and the Court treats them individually for purposes of its discussion.

### a. Battery

In Illinois, battery is the unauthorized touching of another person. *Wilson v. City of Chicago*, 758 F.3d 875, 879 (7th Cir. 2014). To be liable for battery, a defendant must have acted affirmatively with the intent to cause harmful contact without plaintiff's consent. *See Miller v. Kienlen*, 2017 WL 951342, at *11 (N.D. Ill. Mar. 10, 2017). Intent refers to "a state of mind" where a party acts to bring about intended consequences or at least believes that the consequences are "substantially certain" to result from his actions. *See Zurbriggen v. Twin Hill Acquisition Co.*, 338 F. Supp. 3d 875, 884 (N.D. Ill. 2018).

Hicks has done enough to assert a claim for battery at the motion to dismiss stage. He alleges that Defendants knew that their products were dangerous, and despite this knowledge, they continued to manufacture and sell their products, such that Hicks was exposed to those products. [48] ¶¶ 83, 86. In doing so, Defendants "intended to cause harmful conduct to the Plaintiff through causing benzene exposure" and acted "with the knowledge, belief and intent" that the exposure could cause, and in fact did cause, him to contract leukemia. *Id.* ¶¶ 97–98. This sufficiently shows an affirmative act on Defendants' part, done with the intent to cause harmful contact to people who use solvents containing benzene. No more is needed under federal notice-pleading standards to survive a motion to dismiss, and the Court therefore denies Defendants' motion as to battery.

### b. Fraud

In Count III, Hicks also brings a claim for fraud against Defendants. He alleges that Defendants were aware of the dangers of benzene products, including that they could cause cancer, but either misrepresented those dangers to Hicks or failed to disclose the dangers. [48] ¶ 94(r). Defendants assert that Hicks' allegations fail to meet the elements of fraud required under Illinois law and the heightened pleading standards for a fraud claim under Federal Rule of Civil Procedure 9(b).

Hicks does not dispute that his fraud allegations are subject to a heightened pleading standard under federal rules. Rule 9(b) requires that Hicks provide "precision and some measure of substantiation to each fraud allegation." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019) (cleaned up). In doing so, Hicks must identify "the who, what, when, where, and how of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (cleaned up).

In his Complaint, Hicks pleads fraud both by misrepresentation and by omission. [48] ¶ 94(r) ("Defendants committed fraud by withholding information of the health hazards of benzene and their products and by making misrepresentations of material facts to co-Defendants, Hicks, his coworkers and employer[.]").

Starting with fraudulent misrepresentation, to survive a motion to dismiss, Hicks must allege: 1) that there was a false statement of material fact; 2) defendants knew that the statement was false; 3) defendants intended that the statement induce the plaintiff to act; 4) plaintiff relied upon the truth of the statement; and 5) plaintiff's damages resulted from reliance on the statement. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 591 (Ill. 1996). Hicks must also state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *Gen. Elec. Cap. Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

Hicks' Complaint states that Defendants made "misrepresentations of material facts." [48] ¶ 94(r). He asserts that, while Defendants provided some warnings and information related to their benzene and benzene-containing solvents, Defendants knew those warnings were untrue. *Id.* ¶ 94(w). As a result of Defendants' conduct, Hicks continued to use Defendants' benzene products without the necessary personal protective equipment or procedures in place to reduce his exposure to health hazards, and Defendants intended for Hicks to do so. *Id.* ¶¶ 89–91. Hicks also maintains that he relied on Defendants for information regarding the health risks of benzene, but the Defendants failed to provide him with that information. *Id.* ¶¶ 94(s), (v). Finally, Hicks claims that, because of his exposure to Defendants' benzene products, he contracted cancer, suffered economic losses including lost wages, and was otherwise injured. *Id.* ¶¶ 99–102.

Hicks adequately alleges the "who"—that it was the Defendants who made misrepresentations to him. But Hicks' allegations fail to meet the other requirements of a fraud claim under a heightened pleading standard. First, he fails to point to the "what" concerning Defendants' affirmative misrepresentations. He states that Defendants made misrepresentations to Hicks and provided false warnings, but he does not articulate the content of the purported misrepresentations or warnings. Second, he does not provide the "how" or "when" of the purported misrepresentations. Hicks' statements generally assert misrepresentations at some point and somewhere during his nine-year employment at Harold Washington College, but more detail is required to assert a fraudulent misrepresentation claim under a heightened 9(b) regime. *See In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 2014 WL 7365872, at * 6 (N.D. Ill. Dec. 23, 2014) (finding that plaintiffs had adequately detailed the "when" where they identified dates the drug at issue was approved, promoted, and prescribed). Because he has not pled fraudulent misrepresentation with particularity, the Court dismisses the claim.

Hicks' claims for fraud based on Defendants' omission fare no better. For fraud based on omission, Hicks must assert that defendants omitted a material fact that he would have relied on in making his decision, or that it would have caused him to act differently had he known of it. *See Seigal v. GEICO Cas. Co.*, 523 F. Supp. 3d 1032, 1042 (N.D. Ill. 2021). In concealing facts, defendants must do more than passively omit facts during a business transaction. *Rodriguez v. Ford Motor Co.*, 596 F. Supp. 3d 1050, 1058 (N.D. Ill. 2022). Defendants must have intentionally omitted or concealed a material fact that they were under a duty to disclose to plaintiff due to a fiduciary or confidential relationship. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (citing *Connick*, 675 N.E.2d at 593).

Hicks claims that Defendants intentionally failed to tell him about the dangers of using their benzene products, and that, had he known the actual negative effects, he would not have continued to use the benzene materials, at least not without the proper protective procedures in place. [48] ¶¶ 89–90. However, Hicks does not allege any duty Defendants owed because of a fiduciary or confidential relationship. All he pleads is that "[a] special relationship exists between the Plaintiff, his employers, the Defendants, as well as between Defendants which manufactured ingredients and co-Defendants which manufactured products using those ingredients." *Id.* ¶ 94(x). Hicks does not provide any detail about this "special relationship"—where it derives from or why it exists. Without those allegations, Hicks' Complaint does not give rise to a claim for fraud by omission, and the Court dismisses this claim.

## IV. Motion for More Definite Statement

Both Defendants Merck and Sigma-Aldrich move for a more definite statement under Federal Rule of Civil Procedure 12(e). They assert that Hicks' Complaint fails to provide the factual specificity required to put them on notice of Hicks' claims. Courts should not grant Rule 12(e) motions unless the complaint is so

incomprehensible that the defendant cannot adequately respond. *Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 917 (N.D. Ill. 2016). Motions for more definite statements are meant to strike at unintelligibility rather than want of detail. *Id.* Here, Hicks' allegations are sufficiently intelligible to state a plausible claim for relief on Count I (negligence and gross negligence) and Count III (battery only) as discussed above. Defendants understandably want more detail, but that alone is not a basis for granting a 12(e) motion. Hicks has provided Defendants with sufficient notice as to those claims, and Defendant Merck and Sigma-Aldrich's motions for a more definite statement are therefore denied.

## Conclusion

For all of the above reasons, Defendants' motions to dismiss are granted in part and denied in part. Hicks' strict liability claim (Count II) is time-barred under Illinois' statute of repose, and he has not asserted a plausible fraudulent concealment exception. The Court therefore dismisses that count without prejudice. The Court also dismisses without prejudice Hicks' fraud claim (Count III) for failure to plead his claim with the requisite particularity. Hicks' Complaint plausibly alleged sufficient facts to support a claim for negligence (Count I) and battery (Count III), and those claims survive Defendants' motions to dismiss. Defendants' motion to strike and motions for a more definite statement are denied.

**SO ORDERED.**

Dated: September 8, 2026

Sunil R. Harjani
United States District Judge